UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT HOGAN and ELLIOTT HOGAN,

        Plaintiffs,

v.

PILLOW CUBE INC.,

        Defendant.

Case No. 24-CV-403-JPS

**ORDER**

1. **INTRODUCTION AND BACKGROUND**

In April 2024, Plaintiffs Robert Hogan and Elliott Hogan ("Plaintiffs") filed a class action complaint against Defendant Pillow Cube Inc. ("Defendant") for "wrongly impos[ing] an undisclosed '15% processing fee'" on refunds for returns of Defendant's products. ECF No. 1 at 1–2. Plaintiffs bring claims against Defendant for breach of contract, *id.* at 23; for declaratory relief, monetary damages, and injunctive relief for violation of the Utah Consumer Sales Practices Act, Utah Code §§ 13-11a-1 et seq., *id.* at 25, 28, 35; and, in the alternative, for violation of the Wisconsin Consumer Act, Wis. Stat. § 100.18, *id.* at 40.

Defendant failed to timely appear to defend against the action following timely service of process. ECF Nos. 5, 6; Fed. R. Civ. P. 12(a)(1)(A)(i). In August 2024, Plaintiff requested, and the Clerk of Court entered, default against Defendant. ECF No. 9; Aug. 27, 2024 docket entry.

Now before the Court is Plaintiffs' motion for class certification and for leave to conduct discovery "to identify members of the [putative] [c]lasses and determine the damages they are entitled to." ECF No. 12 at 2

(citing *Jackson v. Paycron Inc.*, No. 8:19-CV-00609-WFJ-AAS, 2019 U.S. Dist. LEXIS 80325 (M.D. Fla. May 13, 2019)). For the reasons discussed herein, the Court will grant the motion to the extent that it seeks leave to conduct limited discovery but will deny it to the extent that it seeks class certification.

2. **LAW AND ANALYSIS**

    2.1 **Leave to Conduct Discovery**

The Court first addresses Plaintiffs' motion to the extent that it seeks leave to conduct discovery to identify members of the putative classes and to determine damages to which putative class members may be entitled. ECF No. 12 at 2.

Rule 26(d)(1) of the Federal Rules of Civil Procedure provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except in certain proceedings not relevant here, "or when authorized by these rules, stipulation, or by court order." That said, "courts have considerable discretion in deciding whether, and to what degree[,] discovery in regards to class certification issues should go forward." *Loy v. Motorola, Inc.*, No. 03-C-50519, 2004 U.S. Dist. LEXIS 23753, at *11 (N.D. Ill. Nov. 22, 2004). Courts have granted leave for such discovery where the defendant defaulted and, "absent limited discovery to obtain information relevant to the issues of class certification and damages, [the plaintiff] cannot pursue his claims in th[e] action." *Sheridan v. Oak St. Mortg., LLC*, 244 F.R.D. 520, 522 (E.D. Wis. 2007).

The Court will grant Plaintiffs' motion for leave to conduct discovery to identify members of the potential classes and to determine their damages. The only reason that Plaintiffs have not yet been able to confer with Defendant under Rule 26(f) such that Plaintiffs could begin discovery

without the Court's leave is because Defendant has apparently ignored this action. *See* ECF No. 12 at 2 (noting that counsel for Plaintiffs has repeatedly attempted to contact first counsel for and later the CEO and COO for Defendant but has not received any response); *Sheridan*, 244 F.R.D. at 522 ("Since [the defendant] has not appeared in this action and is in default, [the plaintiff] is effectively precluded from engaging in a Rule 26(f) conference."). Defendant will not be heard to complain that the discovery sought by Plaintiffs and authorized herein by the Court should not have been allowed; if Defendant had any opinion on that front, it should have appeared to defend against this action. *See* ECF Nos. 5, 6; *see also* ECF No. 13 (declaration as to service on Defendant of motion for class certification and leave to conduct discovery).

Plaintiffs are accordingly granted leave to conduct discovery before conferring under Rule 26(f). Such discovery should be, as Plaintiffs expressly acknowledge, "limited." ECF No. 12 at 2 (citing *Jackson*, 2019 U.S. Dist. LEXIS 80325); *Sheridan*, 244 F.R.D. at 522 (granting leave to conduct "limited discovery relevant to the issues of class certification and damages" (citing *Merrill Lynch, Pierce, Fenner & Smith v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000))).

### 2.2 Class Certification

The Court next addresses Plaintiffs' motion to the extent that it seeks class certification. Plaintiff proposes the following classes (the "Putative Classes"):

**<u>Nationwide Classes</u>**

**Class A**
All consumers in the continental United States who purchased one or more products from Pillow Cube, Inc.,

Page 3 of 8
Case 2:24-cv-00403-JPS    Filed 10/17/24    Page 3 of 8    Document 16

purchased "free returns" for $2.98, returned one or more of those products within 60 days of their date of purchase and had 15% of the retail value of the item(s) being returned deducted from the amount returned.

**Class B**

All consumers in the continental United States who purchased one or more products from Pillow Cube, Inc. and purchased "free returns" for $2.98.

**Class C**

All consumers in the continental United States who, prior to the date Pillow Cube, Inc., disclosed the 15% processing fee for returns, purchased one or more products from Pillow Cube, Inc., returned one or more of those products within 60 days of their date of purchase and had 15% of the retail value of the item(s) being returned deducted from the amount returned.

**<u>Wisconsin-Only Classes</u>**

**Class D**

All consumers in the State of Wisconsin who purchased one or more products from Pillow Cube, Inc., purchased "free returns" for $2.98, returned one or more of those products within 60 days of their date of purchase and had 15% of the retail value of the item(s) being returned deducted from the amount returned.

**Class E**

All consumers in the State of Wisconsin who purchased one or more products from Pillow Cube, Inc. and purchased "free returns" for $2.98.

**Class F**

All consumers in the State of Wisconsin who, prior to the date Pillow Cube, Inc. disclosed the 15% processing fee for returns, purchased one or more products from Pillow Cube, Inc., returned one or more of those products within 60 days of their date of purchase and had 15% of the retail value of the item(s) being returned deducted from the amount returned.

ECF No. 12 at 4–5. Plaintiffs also propose that the following individuals be excluded from the Putative Classes: "(1) any Judge or Magistrate presiding over this action and members of their families; (2) persons who properly execute and file a timely request for exclusion from the [Putative] Classes; (3) Plaintiffs' counsel and Defendant's counsel; and ([4]) the legal representatives, successors, and assigns of any such excluded persons." *Id.* at 5.

"At an early practicable time after a person sues . . . , the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). Defendant's default does not excuse the Court of its independent obligation to decide whether to certify the class or classes proposed, *Davis v. Hutchins*, 321 F.3d 641, 648–49 (7th Cir. 2003), and "[t]he party seeking certification bears the burden of demonstrating that certification is proper by a preponderance of the evidence." *Bell v. PNC Bank, N.A.*, 800 F.3d 360, 373 (7th Cir. 2015) (citing *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012)).

"Rule 23(a) sets forth four universal requirements for class actions: 'numerosity, typicality, commonality, and adequacy of representation.'" *Santiago v. City of Chicago*, 19 F.4th 1010, 1016 (7th Cir. 2021) (quoting *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1025 (7th Cir. 2018)). "Rule 23(b) then identifies particular types of classes, which have different criteria." *Id.* (quoting *Beaton*, 907 F.3d at 1025). "Where, as here, certification is sought under Rule 23(b)(3), common questions of law or fact must predominate over individual inquiries, and class treatment must be the superior method of resolving the controversy." *Id.* (quoting *Beaton*, 907 F.3d at 1025).

Additionally, "[w]hen a class representative proposes to certify a class to pursue state-law claims, a court must ensure that its choice of state

law 'is not arbitrary or unfair.'" *Siegel v. Shell Oil Co.*, 256 F.R.D. 580, 583 (N.D. Ill. 2008) (quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 814–16, 821–22 (1985) (reviewing state court's decision to apply Kansas state law "to every claim in th[e] case" notwithstanding that the vast majority of the plaintiffs and subject matter of the suit "had no apparent connection to the State of Kansas")). "[T]he first step in determining whether a multi-state class may be certified is to determine whether the proposed state's law 'conflicts in any material way with any other law which could apply.'" *Id.* (quoting *Shutts*, 472 U.S. at 816). "There can be no injury in applying [a state's] law if it is not in conflict with that of any other jurisdiction connected to th[e] suit." *Id.* (quoting *Shutts*, 472 U.S. at 816 and citing *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 741 (5th Cir. 1996) ("A district court's duty to determine whether the plaintiff has borne its burden on class certification requires that a court consider variations in state law when a class action involves multiple jurisdictions.")).

Plaintiffs seek certification of putative classes both on a national and Wisconsin statewide level. ECF No. 1 at 18–19. This is therefore a multi-jurisdiction putative class action. Plaintiffs seek to bring claims under federal, Wisconsin state, and Utah state law. *Id.* But they do not explain in their motion for certification why they have elected to proceed under "the proposed state[s'] law[s]" or whether the proposed state law "conflicts in any material way with any other law which could apply." *Siegel*, 256 F.R.D. at 583 (quoting *Shutts*, 472 U.S. at 816). Plaintiffs have not demonstrated, nor attempted to demonstrate, that their choices of state law are "not arbitrary or unfair." *Id.* (quoting *Shutts*, 472 U.S. at 821–22). The Court will therefore deny without prejudice their motion for class certification. *See Reichardt v. Electrolux Home Prods.*, No. 17-cv-0219-bhl, 2023 U.S. Dist. LEXIS

40416, at *8–9 (E.D. Wis. Mar. 10, 2023) ("Inexplicably, despite seeking to certify nationwide classes, Plaintiffs did not address choice-of-law at all in their opening brief. That, in and of itself, is problematic." (citing *Cunningham Charter Corp. v. Learjet, Inc.*, 258 F.R.D. 320, 332–33 (S.D. Ill. 2009))). Plaintiffs may renew their motion for class certification, if at all, within **sixty (60) days** of this Order.

The Court will additionally address Plaintiffs' contention that the Court may, by virtue of Defendant's default, deem admitted and accept as true Plaintiffs' well-pleaded allegations going to class certification. ECF No. 12 at 20 (collecting cases). This contention is not clearly supported by the cases on which Plaintiffs rely. Plaintiffs cite, for example, to *Amadi v. Ace Homecare, LLC*, but that case is not a class action or putative class action and says nothing about whether a court may, on defendant's default, accept as true the plaintiff's well-pleaded allegations in determining whether to certify a class. *Id.* (citing No. 8:17-cv-02191-T-02JSS, 2019 U.S. Dist. LEXIS 52375, at *3–4 (M.D. Fla. Mar. 28, 2019)). Moreover, the contention appears in conflict with authority providing that "Rule 23 does not set forth a mere pleading standard" and that "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common question of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2010); *see also Messner*, 669 F.3d at 811 ("On issues affecting class certification, however, a court may not simply assume the truth of the matters as asserted by the plaintiff."); *Howard v. Cook Cnty. Sheriff's Off.*, 989 F.3d 587, 597 (7th Cir. 2021) ("[I]n evaluating the Rule 23 factors, a court does not take the plaintiffs' allegations at face value."). In other words, it is not at all clear that, even given Defendant's default, the Court may simply

Page 7 of 8
Case 2:24-cv-00403-JPS    Filed 10/17/24    Page 7 of 8    Document 16

rely on the complaint's allegations in determining whether the putative classes should be certified.

Accordingly,

**IT IS ORDERED** that Plaintiffs Robert Hogan and Elliott Hogan's motion for class certification and for leave to conduct discovery, ECF No. 12, be and the same is hereby **GRANTED in part and DENIED in part**; the motion is **GRANTED** to the extent that it seeks leave to conduct limited discovery and **DENIED without prejudice** to the extent that it seeks class certification; Plaintiffs may renew their motion for class certification, if at all, within **sixty (60) days** of this Order; and

**IT IS FURTHER ORDERED** that Plaintiffs may engage in limited discovery reasonably calculated to lead to the discovery of admissible evidence on the issues of class member identification, class certification, and damages.

Dated at Milwaukee, Wisconsin, this 17th day of October, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge